## Lewis v. Commonwealth.

October 1, 1948.

Lewis & Weaver for appellant.

A. E. Funk, Attorney General, and Walter C. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Carlo Lewis, shot and killed his nephew, Bill Lewis. The grand jury returned an indictment charging him with the crime of murder, and on his trial he was convicted of the crime of voluntary manslaughter and his punishment was fixed at confinement in the penitentiary for a term of ten years. On this appeal the only ground seriously urged for reversal of the judgment is the alleged error of the court in admitting incompetent evidence.

The shooting occurred about dusk on April 17, 1947, immediately in front of the home of the deceased. Appellant lived about one-half mile from the scene of the shooting, and Bates Lewis, appellant's brother and father of George Lewis and the deceased, lived near by. According to the evidence for the Commonwealth, appellant had been drinking. Shortly before the shooting two women who lived in appellant's home walked down the railroad track in front of deceased's home, and were

followed by appellant. Appellant fell and struck and injured his head. His nephews, George and Bill Lewis, and his brother, Bates, were near by, and Bates took him by the arm and started toward his, Bates Lewis', home. After walking a few steps appellant drew a pistol and fired one shot at his brother, the bullet passing through the latter's coat. He then turned and fired two shots in the direction of George and Bill Lewis. One of the bullets struck and killed Bill Lewis. Appellant testified that George and Bill Lewis accosted him as he walked down the railroad, and asked him to take a drink. He refused, and one of his nephews struck him in the face and knocked him down. He got up and as he walked away one of them fired a shot behind him, the bullet passing through his coat. He turned and fired two shots. He stated that the relations between him and his brother and nephews had been friendly prior to the shooting. The proof for the Commonwealth was to the effect that George and Bill Lewis were unarmed.

The evidence of which complaint is made concerned a woman, Gladys Haynes, who had lived in appellant's home for several months. Another woman, Belle Barret, had lived in the home about two months. Appellant had been married, but he and his wife had been divorced. It can be reasonably inferred from the evidence that a difficulty had occurred during the day between appellant and the two women, and that they had left his home just prior to the shooting. It is contended that the testimony concerning Gladys Haynes had no bearing on the issues in the case, tended to show that an illicit relationship existed, and was calculated to prejudice the jury. The Commonwealth's Attorney was endeavoring to establish a motive for the crime, but when his questions failed to elicit pertinent information the court instructed the jury as follows: "The court will exclude from your consideration the evidence of this witness with reference to Gladys Haynes—someone that was said to be there present, you will not consider the evidence as to her for any purpose whatever."

After the admonition was given, the Commonwealth's Attorney persisted in questioning the witness concerning Gladys Haynes, and when no pertinent fact was disclosed the court again instructed the jury that it should not consider the evidence. The error, even if

prejudicial notwithstanding the court's admonition, was cured when appellant testified without objection to substantially all the facts which the court had admonished the jury to disregard. The record reveals an unjustifiable homicide, and the jury was exceedingly lenient when it imposed the punishment.

Judgment is affirmed.